## B. F. SCOTT, ADMINISTRATOR OF ELI C. GERRY'S ESTATE, *v.* TOWN OF CABOT.

### *Soldier's Bounty. Town Meeting. Warning.*

A vote "to instruct the selectmen to pay three hundred and twenty-five dollars for each volunteer to fill our quota," under a warning "to see if the town will authorize their selectmen to pay a bounty to volunteers to fill the quota of Cabot,"—is construed to place the business of procuring and contracting with volunteers in the hands of the selectmen, and a party claiming to recover under said vote, must show a contract assented to by at least two of the selectmen.

The language of this vote, when construed in connection with the article in the warning and the then existing circumstances in relation to the quota of the town, is not ambiguous, or applicable to future calls.

ACTION OF ASSUMPSIT for a town bounty. Trial by jury, March term, 1871, Washington county, PECK, J., presiding.

The plaintiff claimed to recover a bounty of three hundred and twenty-five dollars, under a vote of the town of Cabot, passed at a town meeting holden on the 19th day of December, 1863. The warning for this meeting, dated December 3, 1863, contained only two articles, viz:

1st. To see if the town will authorize their selectmen to pay a bounty to volunteers to fill the quota of Cabot.

2d. To see if the town will vote to raise money to pay such bounty.

Under this warning the town voted " to instruct the selectmen to pay three hundred and twenty-five dollars for each volunteer to fill our quota."

2d. " Voted to raise a sum not to exceed nine hundred and seventy-five dollars to pay three volunteers."

The plaintiff's intestate re-enlisted to the credit of Cabot, December 15th, and was mustered in, December 16th, 1863.

The reporter's minutes of the testimony, taken on trial, were made part of the exceptions, and the facts are sufficiently shown by the opinion of the court.

The court directed a verdict for the defendant, to which the plaintiff excepted.

*J. P. Lamson* and *Randall & Durant*, for the plaintiff, claimed that the court should have submitted to the jury the question of whether said vote applied to some past call, or was intended to meet some future emergency, and whether the men then voted $325 each were to apply on some call that had been made, or were to meet some future call, and whether the plaintiff enlisted relying upon a bounty by reason of said vote.

*Heaton & Read* and *B. F. Fifield*, for the defendant, cited *Jones* v. *Starksboro*, 42 Vt., 602 ; *Mudgett* v. *Johnson*, 42 Vt., 423 ; *Johnson* v. *Bolton*, 43 Vt., 303 ; *Wrisley* v. *Waterbury*, 42 Vt., 228 ; *Hartwell* v. *Newark*, 41 Vt., 337 ; *Davis* v. *St. Albans*, 42 Vt., 585.

The opinion of the court was delivered by

Ross, J.   The plaintiff claims on behalf of the intestate, to recover of the defendant a bounty of three hundred and twenty-five dollars, under a vote of the town, passed at a town meeting holden December 19, 1863, instructing the selectmen to pay that sum to each of three volunteers, to fill the quota assigned to the town.   The article in the warning under which the vote was passed, was, " To see if the town will authorize their selectmen to pay a bounty to volunteers to fill the quota of Cabot."   This vote, in connection with the article in the warning, we think must be construed to place the business of procuring and contracting with the volunteers, in the hands of the selectmen ; and to entitle the plaintiff to recover, he must show a contract between the selectmen, on behalf on the town, and his intestate.   The court directed a verdict for the defendant : which would be error if the plaintiff intro-

duced testimony tending to show such a contract. From an examination of the reporter's minutes of the testimony, we fail to find any evidence tending to show such a contract. The most the evidence tended to show was, that one of the selectmen of the town —before the town-meeting, and when he was without authority to act—gave directions to the intestate's wife to write to him to enlist, and the town would stop enlisting at home : which letter was received by him before he was mustered in,—at which time he expected a bounty from the town—but not till after he had reenlisted and set his name to the credit of the town. Although the intestate returned to Cabot early in January, 1864, on a furlough for thirty days, there is no evidence that he in any way communicated with the selectmen on the subject, or that the town, or other selectmen, ever knew of, or in any way recognized or ratified, this unauthorized act of one of the selectmen. To bind the town under such a vote, the plaintiff must show a contract by his intestate with the town, assented to by at least two of its selectmen. *Livingston* v. *Albany*, 40 Vt., 666.

We do not think the language of the vote—construed in connection with the article in the warning, and the then existing circumstances in relation to its quota—ambiguous, or applicable to future calls on the defendant by the government for volunteers. But whether applicable to past or future calls of the government for volunteers, it required a contract with the town, through the selectmen : which the plaintiff failed to show.

Judgment of the county court is affirmed.